# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| RICKY WHITEHEAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:24-cv-1126 |
| ) | |
| WARDEN MINDI NURSE, *et al.* ) | |
| ) | |
| Defendants. ) | |

## <u>ORDER</u>

Plaintiff, then proceeding *pro se*, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging an Eighth Amendment claim for inhumane conditions of confinement. The matter comes before this Court for ruling on Plaintiff's Motion for Leave to Amend Complaint Instanter (Doc. 50), Plaintiff's Motion to Refer to Mediation (Doc. 51), and Defendants' Motion to Dismiss Defendants Krominga and Lawrance (Doc. 52).

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT INSTANTER (DOC. 50)**

Plaintiff seeks leave to file an amended complaint substituting Ronald Krominga for Defendant Andrew Krominga and Andrew Lawrance (South PC Unit) for Defendant Andrew Lawrance (also referred to in the record as Andrew Lawrence).[1] Plaintiff asserts in his motion that the officials for whom he seeks

---

[1] Plaintiff's original complaint lists "CO Lawrance" as a defendant. (Doc. 1 at 1,3). The name was inadvertently listed on the docket as "Lawrence." The executed waiver of service lists "CO Lawrance" without correction from the person who signed it. (Doc. 14). Defendants' answer, Motion to Dismiss, and other pleadings refer to this defendant as Andrew Lawrence. *See* (Docs. 16, 52). Plaintiff's

substitution are not the officials responsible for the alleged constitutional violations. Defendants object to Plaintiff's motion as untimely and argue that granting the motion would cause undue delay.

A district court should "freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[D]istrict courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, undue prejudice to defendants, or where the amendment would be futile." *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 855 (7th Cir. 2017).

The Court's Merit Review Order found that Plaintiff stated an Eighth Amendment claim for inhumane conditions of confinement against the officials named in Plaintiff's original complaint. (Doc. 7). Pursuant to that Order, and because Plaintiff was *pro se* at the time, the Clerk prepared requests for waiver of service for each named defendant and sent them to the Pontiac Correctional Center litigation coordinator for service per the Court's standard practice. *Id.* at 3. This included requests for waiver of service addressed to Andrew Lawrance and a defendant Plaintiff identified only as "C.O. Kroimgea." (Docs. 8-3, 8-4). The Court did not require Plaintiff to serve Defendants on his own. *See* Fed. R. Civ. P. 4(c)(3).

On July 2, 2024, Defendant Andrew Krominga returned the request for waiver of service addressed to "C.O. Kroimgea," therein correcting the spelling of his last name and providing his first. (Doc. 13). In Defendants' combined Answer

---

Motion for Leave to Amend Complaint refers to this defendant using both names. *Compare* (Doc. 50 at 2, ¶ 6), *with id.* at 3, ¶ 1.

filed August 8, 2024, Defendants Krominga and Lawrance do not assert that they were not personally involved or otherwise incorrectly named as defendants. (Doc. 16). The Court's Scheduling Order entered shortly thereafter set a deadline of 90 days from entry of that Order to file an amended complaint. (Doc. 17 at 2, ¶ 2).

Plaintiff's motion is not timely under the deadline set in the Court's Scheduling Order, but Defendants do not dispute that Plaintiff recently learned about the incorrectly served individuals at recent depositions. The record does not indicate how Plaintiff would have known that the wrong individuals returned the requests for waivers of service before the depositions in question, nor does it suggest that Plaintiff failed to act promptly once this information was disclosed. To the extent that Plaintiff seeks a *post hoc* extension of the deadline to file an amended complaint, the Court finds good cause for doing so, and the request is granted.

Plaintiff has cured the defects the Court identified in his previous attempts to amend his complaint, and the proposed amendment is not so great to suggest that this litigation will be unduly delayed if permitted. The Court is unclear how the relation-back provision contained in Fed. R. Civ. P. 15(c) applies. The alleged events occurred in June-October 2023, which would be well within the statute of limitations. *See Rodriguez v. McCloughen*, 49 F.4th 1120, 1121 (7th Cir. 2022) (discussing when Rule 15(c) applies). Plaintiff's motion is granted. The Court substitutes the appropriate defendants below.

**DEFENDANTS' MOTION TO DISMISS (DOC. 52)**

Defendants' motion to dismiss Defendants Andrew Krominga and Andrew Lawrance are denied as moot pursuant to the Court's ruling above.

**PLAINTIFF'S MOTION TO REFER TO MEDIATION (DOC. 51)**

Plaintiff's unopposed motion is granted to the extent that it seeks the Court to refer this case to another magistrate judge to conduct a settlement conference and for the Court to stay the discovery and dispositive motions deadlines in the interim and denied as to any other relief requested.

**THEREFORE:**

1) **Plaintiff's Motion for Leave to Amend Complaint [50] is GRANTED. Clerk is directed to docket the proposed amended complaint attached to the motion.**

2) **Clerk is directed to add Ronald Krominga and "Andrew Lawrance (South PC Unit)" as defendants.**

3) **Plaintiff shall serve Ronald Krominga and Andrew Lawrance (South PC Unit) and file proof of service with the Court within 60 days of this Order.**

4) **Defendants Andrew Krominga and Andrew Lawrance (listed on the docket as Andrew Lawrence) are dismissed with prejudice. Clerk is directed to terminate these defendants.**

5) **Defendants' Motion to Dismiss [52] is DENIED as moot.**

6) **Plaintiff's Motion to Refer to Mediation [51] is GRANTED in part and DENIED in part. This case is referred to Magistrate Judge Long for a settlement conference. Clerk is directed to notify Judge Long's chambers of this referral. Judge Long's chambers will contact the parties to schedule the settlement conference.**

7) **The discovery and dispositive motions deadlines are stayed and will be reset, if necessary, after the settlement conference.**

*SO ORDERED.*

Entered this 16th day of September, 2025.

>                             s/Ronald L. Hanna
>                             Ronald L. Hanna
>                    United States Magistrate Judge

1:24-cv-01126-RLH   # 54   Filed: 09/16/25   Page 5 of 5